UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

*******************************************************************

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | 4:18-CR-40044-LLP |
| Plaintiff, | * | |
| | * | ORDER RE: |
| | * | MOTION TO SUPPRESS |
| vs. | * | |
| AARON MICHAEL VANKLEY, | * | |
| Defendant. | * | |

*******************************************************************

Defendant Aaron Michael Vankley ("Defendant") is before the Court on an indictment charging him with possession of a firearm by a prohibited person. Doc. 1. On August 10, 2018, the Defendant, by and through his attorney, filed a Motion to Suppress from use at trial the statement Defendant allegedly made to law enforcement on December 27, 2017, that the revolver found in the bathroom belonged to him. Doc. 37. In their Memorandum in Support of the Motion to Suppress, the defense argues that Defendant's statement was taken in violation of *Miranda v. Arizona* because Defendant was in custody and was not advised of his rights under *Miranda*. The Government opposed the motion. Doc. 39. The Honorable Veronica L. Duffy, United States Magistrate Judge, held an evidentiary hearing and filed a Report and Recommendations (the "Report") suggesting that the Motion to Suppress be denied. Doc. 42.

Defendant timely filed objections to the Report, Doc. 48, and the Government filed a response to Defendant's objections, Doc. 51. After reviewing the record, including the transcript of the evidentiary hearing and the Report, the Court held oral argument on Defendant's objections to the Report on October 2, 2018. For the reasons stated below, the Court will adopt the Report with the exception that the Court does not adopt the negative credibility finding by the Magistrate

1

Judge on page eight (8) of the Report regarding Detective Buiter's statement that he could not hear everything going on in the living room of the trailer. As the Magistrate Judge noted in the Report, although Detective Buitner may have been able to hear what was being said in the trailer, given the large amount of activity occurring in the small space, Detective Buiter credibly may not have been listening to every conversation that was occurring in the living room at that time.

## DISCUSSION

A Miranda warning is required prior to questioning whenever two conditions are present: (1) the suspect is being interrogated and (2) the suspect is in custody. *United States v. Flores-Sandoval*, 474 F.3d 1142, 1146 (8th Cir. 2007). Interrogation includes direct questioning or any practice reasonably likely to evoke an incriminating response from a suspect. *See Rhode Island v. Innis*, 446 U.S. 291, 301 (1980). Here, neither party disputes that Defendant was in custody and neither party disputes that *Miranda* warnings were not given prior to the admission Defendant made to the officers regarding his ownership of the firearm which was found in the residence. At issue in Defendant's Motion to Suppress is whether Defendant's admission was made in response to the officers' interrogation.

The court adopts the Magistrate Judge's findings that Defendant's statement was voluntary and not the result of interrogation and does not adopt the negative credibility finding made by the Magistrate Judge on page eight (8) of the Report regarding Detective Buiter's statement that he could not hear everything going on in the living room of the trailer. Mr. Buiter testified during the suppression hearing that there were several officers in the trailer during the arrest and search of the trailer and that both Defendant and Mr. Fromm had been uncooperative. Suppress Hr'g Tr. 7:1:11 (uncooperative); 17:6:18 (number of officers). Once Defendant and Mr. Fromm had been detained, they were handcuffed and were sitting in chairs, which in the pre-search warrant video, the court saw were in relative proximity to each other in the trailer's living room while Detective Buiter and Detective Christiansen solicited their personal information. Detective Buiter testified that it was during the secondary sweep that the firearm at issue was found in a closet inside the master bedroom. Suppress Hr'g Tr. 12:15-16. While speaking to Mr. Fromm, Detective Christiansen said to Mr. Fromm that a gun was found in the back bedroom. Detective Buitner testified that he could not hear all that was being said in the trailer or Detective Christiansen speaking to Mr. Fromm about the gun because there was a lot of commotion in the trailer which the court finds to be a credible statement. Suppress Hr'g Tr. 19:17-23, 20:10-18. Detective Buitner

testified that Mr. Fromm continued to be uncooperative, there were several people in the room talking at one time, and Detective Nelson was recording a pre-search warrant video. Suppress Hr'g Tr. 10:16-20 (pre-search warrant video), 19:17-23, 20:10-18. The arrest report stated that while Buitner was searching Defendant, Defendant said that the gun was his. Suppress Hr'g Tr. 26:20-25. Detective Buitner could not recall if Detective Christiansen told him about the gun before Defendant made the statement that the gun was his[1]. Suppress Hr'g Tr. 20:7-9. Considering all of these facts, the facts in the record, and those heard by the court in oral argument, the court finds that Defendant's statement was voluntary and not a result of any direct questioning or a practice reasonably likely to evoke an incriminating response from Defendant. Accordingly,

IT IS ORDERED:

(1) That the Magistrate's Report and Recommendation, Doc. 42, is adopted with the exception that the Court does not adopt the negative credibility finding by the Magistrate Judge on page eight (8) of the Report regarding Detective Buiter's statement that he could not hear everything going on in the living room of the trailer; and

(2) That the Motion to Suppress, Doc. 37, is denied.

Dated this 4th day of October, 2018.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THIELEN, CLERK

BY: _____
　　(SEAL)　　DEPUTY

---

[1] While Detective Buitner may testify at trial to statements made by Defendant that the gun belonged to him, Detective Buitner may not testify to any statements made to him by Detective Christiansen regarding the gun as these statements are inadmissible hearsay.